UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DEL REAL,<br>Plaintiff,<br>v.<br>FAY SERVICING, et al.<br>Defendants. | No. 2:26-cv-03494-DC-ICD (PS)<br><br><u>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER</u><br><br>(Doc. No. 3) |

This matter is before the court on Plaintiff's *pro se* motion for a temporary restraining order. (Doc. No. 3.) The court does not find it appropriate to set the motion for a hearing pursuant to Eastern District Local Rule 231(c). For the reasons explained below, the court will deny Plaintiff's motion for a temporary restraining order.

**BACKGROUND**

On October 7, 2026, Plaintiff Matthew Del Real filed the complaint initiating this action against Defendants Fay Servicing, Fay Servicing LLC, Fay Financial LLC, Fay Group, Edward Ed Fay, U.S. Bank Trust National Association, CitiGroup Mortgage Loan Trust 2023-A, and Clear Recon Group. (Doc. No. 1.) On that same day, Petitioner filed the pending motion for a temporary restraining order. (Doc. No. 3.)

In the complaint, Plaintiff alleges that in July 2011 he purchased his family home located at 2080 Bidwell Avenue, Chico, California. (Doc. No. 1 at ¶ 25.) For the first twelve years of

Plaintiff's ownership of the home, Wells Fargo Home Mortgage served as Plaintiff's mortgage servicer. (*Id.* at ¶ 26.) On December 11, 2023, Defendant Fay Servicing sent Plaintiff a letter informing him that Defendant Fay Servicing would serve as Plaintiff's new mortgage servicer. (*Id.* at ¶ 28.) On that same day, Fay Servicing sent Plaintiff a letter informing him that he was behind on his mortgage, and that Fay Servicing had "a right to invoke foreclosure." (*Id.* at ¶ 29.)

Between January and April 2024, Plaintiff's mortgage was in a period of forbearance. (*Id.* at ¶ 32.) On May 3, 2024, Defendant sent Plaintiff a letter informing Plaintiff that his loan was in default and that the total amount due to cure that default was $22,994.67. (*Id.* at ¶ 33.) Throughout the summer of 2024, Plaintiff attempted to cure his default through financial assistance from his parents, and through the filing of several loss mitigation applications. (*Id.* at ¶¶ 33–42.) Defendant did not accept the payments from Plaintiff's parents, indicating that the "funds received were not sufficient for the minimum amount due." (*Id.* at ¶ 39.)

Throughout 2025 and 2026, Plaintiff continued to submit loss mitigation applications to Fay Servicing. (*Id.* at ¶ 43.) Plaintiff alleges that Fay Servicing "assigned more than one point of contract . . . to oversee [] Plaintiff's mortgage and Loss Mitigation Application" who informed Plaintiff "on multiple occasions that his Loss Mitigation Application was 'missing information.'" (*Id.*) Plaintiff alleges that his loss mitigation applications were actually complete, and that Fay Servicing's representations otherwise constituted a "predatory practice." (*Id.*)

On an unspecified day in September 2026, Fay Servicing sent Plaintiff a letter indicating that his "mortgage loan remains delinquent" and informing him that therefore "a foreclosure sale [had been] scheduled for October 7, 2026." (*Id.* at ¶ 44.) That letter also "encourage[d Plaintiff] to submit an updated loss mitigation application for review." (*Id.*) Plaintiff thereafter "submitted a new and complete Loss Mitigation Application" on an unspecified date in September 2026. (*Id.* at ¶ 45.)

On September 22, 2026, Fay Servicing sent Plaintiff a letter informing Plaintiff that his loss mitigation application was incomplete and requesting that Plaintiff submit additional documentation. (*Id.* at ¶ 47.) Plaintiff "immediately" submitted the requested documentation via email on an unspecified date, "thus completing Plaintiff's Loss Mitigation Application ahead of

the scheduled Foreclosure Sale and the stated deadline to submit documentation." (*Id.*)

Plaintiff asserts seven claims in the complaint: (1) racial discrimination/harassment, in violation of 1964 Civil Rights Act; (2) wrongful foreclosure; (3) dual tracking, in violation of 12 C.F.R. § 1024.41; (4) violation of the Fair Debt Collection Practices Act; (5) violation of the Real Estate Settlement Procedures Act; (6) violation of the Rosenthal Fair Debt Collection Practices Act; and (7) violation of the California Homeowner Bill of Rights.

At 10:03 AM on October 7, 2026, Plaintiff filed the pending motion for a temporary restraining order to enjoin Defendants from proceeding with the foreclosure sale of Plaintiff's home, which is scheduled for 3:30 PM on that same day. (Doc. No. 3.) The attached proof of service indicates that Plaintiff served several, but not all, of the named Defendants via email on that same day. (Doc. No. 3-3.) The proof of service also shows service on two parties—Aldridge Pite LLP and McCalla Raymer Leibert Pierce LLP—not named as defendants in the complaint. (*Id.*)

**LEGAL STANDARD**

The purpose of a temporary restraining order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Courts within the Ninth Circuit may also consider a request for a temporary restraining order using a "sliding scale" approach in which "a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131–35. "[W]hen plaintiffs establish that the balance of

hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022) (citing *All. for the Wild Rockies*, 632 F.3d at 1135). Nevertheless, injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The Eastern District Local Rules require that "[e]xcept in the most extraordinary of circumstances," a motion for temporary restraining order be denied absent "actual notice to the affected party and/or counsel, by telephone or other means" including notice of "the intention to seek a temporary restraining order, the date and time for hearing to be requested of the Court, and the nature of the relief to be requested." L.R. 231(a). The Local Rules further require the court to "consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." L.R. 231(b). If the court concludes "that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground." (*Id.*)

**ANALYSIS**

Upon review of Plaintiff's motion for a temporary restraining order, the court concludes that the motion does not present one of the "extraordinary circumstances" where an order should issue without actual notice to the adverse parties, or that Plaintiff has demonstrated that he could not "have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief" by this motion, as required by the Local Rules.

Specifically, in the complaint Plaintiff alleges that Defendant Fay Servicing informed Plaintiff by letter on an unspecified date in September 2026, the month before Plaintiff filed the instant motion, that his "mortgage loan remains delinquent" and that a "foreclosure sale is currently scheduled for October 7, 2026." (Doc. No. 1 at ¶ 44.) In response to that letter, Plaintiff allegedly "submitted a new and complete Loss Mitigation Application" on an unspecified date.

(*Id.* at ¶ 45.) Subsequently, on September 17, 2026, Fay Servicing sent Plaintiff a mortgage statement indicating that the amount due to reinstate his loan was $113,823.63. (*Id.* at ¶ 46.) Plaintiff further alleges that on September 22, 2026, Fay Servicing sent Plaintiff a letter indicating that his previously referenced loss mitigation application was incomplete. (*Id.* at ¶ 47.) While Plaintiff contends he "immediately submitted the requested documentation, via email, to Fay Servicing," he does not allege when this information was submitted, attach any documentation of the correspondence, or otherwise allege that Fay Servicing indicated the foreclosure sale would not proceed as scheduled. (*Id.*) Indeed, Plaintiff does not allege any communication between Plaintiff and Defendants between his provision of that additional information and his filing of the pending motion.

Further, while Plaintiff indicates in his temporary restraining order checklist that he "learned only yesterday, on 10/06/2026, that the scheduled Foreclosure Sale of his family home would proceed," he does not clarify why that became clear only yesterday, or what would have led him to believe the sale would not proceed as scheduled in the initial notice. (Doc. No. 3-1 at 1.) To the extent Plaintiff alleges communication with Defendants in the intervening time, that communication only affirmed that the sale would proceed as scheduled. Thus, pursuant to Local Rule 231(b) the court concludes that Plaintiff's unexplained failure to seek earlier court intervention constitutes laches and mandates denial of his motion or a temporary restraining order. *See Wilkinson v. PHH Mortg. Corp.*, No. 2:24-cv-01416-TLN-AC, 2024 WL 2330542, at *3 (E.D. Cal. May 22, 2024) (denying plaintiffs' application for a temporary restraining order solely based on Local Rule 231(b) because plaintiffs waited until four business days prior to the foreclosure sale despite having ample notice of the sale); *Sewell v. Franklin Credit Mgmt. Corp.*, No. 2:24-cv-1788-TLN-DB, 2024 WL 3203328, at *2 (E.D. Cal. June 27, 2024) (denying plaintiff's application for a temporary restraining order for undue delay under Local Rule 231(b) where plaintiff sought relief a few hours before the foreclosure sale of his property); *Fivefold Props. Dunnegan LLC v. Toorak Cap. Partners LLC*, No. 8:24-cv-00958-SVW-JDE, 2024 WL 3009327, at *2 (C.D. Cal. May 7, 2024) (denying temporary restraining order for "unreasonable delay" where plaintiff waited until two days prior to a foreclosure sale to seek an injunction).

Finally, while the court will deny the pending motion pursuant to Local Rule 231(b), the court further lacks sufficient information to determine whether there is a likelihood of success on the merits of Plaintiff's claims. Specifically, Plaintiff does not attach any of the correspondence referenced in the complaint or motion for a temporary restraining order, does not allege specific dates for the majority of the alleged communications between Plaintiff and Defendants, or otherwise allege his claims with sufficient specificity for the court to determine which, if any, claims are meritorious. Indeed, in the section of Plaintiff's pending motion addressing likelihood of success on the merits, Plaintiff does not discuss any details of his claims other than to state that "Defendant CLEAR RECON CORP. plans on proceeding with the scheduled Foreclosure Sale of the Plaintiff's family home, even though the Plaintiff submitted a full and complete Loss Mitigation Application to Defendant Fay Servicing last month." (Doc. No. 3 at 6.) Defendant does not argue how this constitutes a violation of law or otherwise support his claim with supporting evidence. *See Robinson v. Chapman*, No. 2:26-cv-01576-TLN-CKD, 2026 WL 1091706, at *2 (E.D. Cal. Apr. 22, 2026) (denying motion for temporary restraining order enjoining foreclosure sale because the plaintiff's statement that "Defendants' refusal to credit received funds and their compounding of interest constitute 'unjust enrichment' and fraud" was "insufficient to demonstrate that Plaintiff is likely to succeed on the merits of his" claim).

Thus, Plaintiff's motion for a temporary restraining order will be denied.

**CONCLUSION**

For the reasons explained above,

1. Plaintiffs' motion for a temporary restraining order (Doc. No. 3) is DENIED; and
2. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **October 7, 2026**

Dena Coggins
United States District Judge